## No. 10,773.

## CLOVER LEAF CREAMERY CO. v. STEAMBOAT SPRINGS CREAMERY & PRODUCE CO.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action for money due under contract. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. APPEAL AND ERROR—*Findings.* Findings of the trial court being sustained by sufficient evidence, not disturbed on review.

2. SALES—*Re-Sale—Contract.* In an action for balance due under the terms of a contract for the sale of butter on storage with a third party, who sold a part of it to satisfy a lien for money due from the owner, it is held under the circumstances, that this did not constitute a re-sale, and that the contract purchaser, not having protected itself by a compliance with the contract, was liable for the balance due under the terms thereof, less proper credits.

*Error to the District Court of Routt County, Hon. Charles E. Herrick, Judge.*

Messrs. GOSS, KIMBROUGH & HUTCHINSON, Mr. W. B. RUTLEDGE, JR., for plaintiff in error.

Messrs. GOODING & MONSON, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT was instituted by defendant in error against plaintiff in error to recover a balance claimed to be due for 10,258 pounds of butter, less shrinkage, at 33 cents per pound. Trial to the court; findings and judgment for plaintiff for $425.84. The defendant brings the case here for

review, and applies for supersedeas. The parties will be designated here as in the court below.

The admitted facts are that the defendant purchased the butter from the plaintiff on the 30th day of September, A. D. 1921, agreeing to pay therefor 33 cents per pound; that at the time of the purchase of the butter it was in storage in the warehouse of The Colorado Ice and Storage Company in Denver; that the butter should be paid for at the time of withdrawing the same from the warehouse; that payment should be made by defendant to the storage company for the use of the plaintiff; that payment was to be made on the basis of the weight of the butter at the time of withdrawal; that at various times between November 7, 1921, and January 10, 1922, defendant withdrew portions of the butter and paid for the same.

The plaintiff claims that all of the butter purchased was, according to the contract of sale, to be withdrawn and paid for by the defendant, on or before April 15, 1922, and also that the warehouse company had a lien, at the time of the sale, upon all of the butter sold, together with other butter owned by the plaintiff, for moneys loaned to the plaintiff by the warehouse company, and that defendant was informed at the time of the sale, of the existence of the lien. Plaintiff also claims that it was agreed, at the time of the sale of the butter, that the storage expense of the butter sold, would be paid by plaintiff until it was withdrawn and paid for by the defendant, but not after April 15, 1922; that storage charges were at the rate of twenty cents per hundred pounds per month; that on April 15, 1922, there were remaining in the plant of the storage company 4,860 pounds of butter which defendant had not withdrawn and for which it had not paid. The record discloses that on May 6, 1922, the storage company sold, by virtue of its lien, 1,020 pounds of the butter at 25 cents; that on July 5, 1922, the storage company sold, under its lien, the remaining 3,840 pounds of butter for 22 cents per pound, and applied the proceeds of these sales to plaintiff's account and credit.

The defendant claims that it was not required by the

contract of sale to remove all of said butter by April 15, 1922, and claims that it was only to remove and pay for the same as it could use it. Defendant also claims that it had no notice or knowledge whatsoever, at the time of the sale, of the existence of the warehouse lien on the butter purchased by it.

The trial court found that all of said butter was to be removed and paid for by defendant on or before April 15, 1922, and also that the defendant had knowledge, at the time it purchased the butter, of the lien of the storage company. There was sufficient evidence to sustain the court's findings.

The complaint was framed, and the case tried, upon the theory that the plaintiff was seeking to recover the balance of the contract price, with interest, and also for expenses of storage after April 15, 1922.

It is true, the court said that the amount of damages would be fixed on the basis of the difference between the contract price and twenty-five cents per pound, the price obtained on the date of the first sale of the butter, but, while we think the trial court was right in its findings for the plaintiff, we think it erred in the amount of the judgment and in the method of arriving at the amount. It appears from the record that the sales made by the storage company, on May 6 and July 5, were made without the knowledge or consent, or the participation, of either plaintiff or defendant, and that neither of the parties knew of the sales, until some time after they were made. We cannot sustain the contention of the defendant that these sales are to be regarded as re-sales, made by the plaintiff, and the authorities cited by the defendant are not applicable to the instant case. The defendant, being aware of the lien of the storage company upon the butter purchased by the defendant, as found by the court, should have protected itself by removing and paying for the butter on or before April 15, 1922. Under the pleadings and the findings of the court, the plaintiff is entitled to recover the contract price for the butter sold, less whatever it may have re-

ceived from the storage company by way of credit or cash, together with interest.

The error committed does not require a new trial. Supersedeas denied, judgment reversed, and case remanded with directions to enter judgment for the plaintiff in harmony with the views expressed herein.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.